Lois WALLACE, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 02–35060.

D.C. No. CV–01–05008–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2003.*

Decided May 13, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CUDAHY,** O'SCANNLAIN, and GOULD, Circuit Judges.

MEMORANDUM***

Lois Wallace appeals the district court's judgment affirming the administrative law judge's (ALJ) decision to deny social security disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the ALJ's decision to deny social security benefits to ensure it is supported by substantial evidence and free of legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).

Subjective Testimony

 Wallace argues that the ALJ's decision to discredit her testimony is not supported by substantial evidence. We disagree. The ALJ gave specific and cogent reasons for discrediting Wallace's testimony, and those reasons are supported by substantial evidence in the record. *See*

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Morgan v. Apfel,* 169 F.3d 595, 600 (9th Cir.1999).

First, the ALJ discredited Wallace's allegation that her vision prevented office work based on his findings that she had been able to do office work for more than ten years, despite her congenital visual impairment; that she had a conviction for disability in excess of her physical limitations; that she had not attempted to simulate the use of a computer under the best circumstances; and that she had not ruled out the possibility of doing other types of office work. These are "specific and cogent" reasons for discrediting Wallace's testimony that she could not do office work because of her vision. The ALJ's decision to discredit this testimony has support in substantial evidence and is not legal error.

■ Second, there is substantial evidence to support the ALJ's decision to discredit Wallace's testimony that back pain prevented her from working. Though the ALJ found that Wallace had some pain, the record supports the ALJ's finding that Wallace tended to embellish her symptoms, that her testimony during the hearing was dramatic, that her behavior was inconsistent with her complaints of pain when being observed casually before a medical examination, and that her testimony was inconsistent with the reports of treating physicians. The record also indicates that Wallace gave inconsistent reasons for quitting her job as a transcriber.

Finally, the record supports the ALJ's decision to disregard Wallace's complaints of low frustration tolerance, nervousness, and depression because these impairments were not established by objective medical evidence. *See Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986).[1]

*Residual Functional Capacity*

■ The ALJ's finding that Wallace is capable of performing light work is supported by substantial evidence. All of Wallace's treating physicians found Wallace capable of working. The medical opinion of the state medical consultant, who found her capable of light work, was consistent with her treating physicians' opinions.

The record also supports the ALJ's finding that Wallace could use a computer if it was aligned properly, if proper lighting was provided, and if a larger font size was used. Also, none of the physicians opined that computer work at a desk would be impossible.

Finally, the record shows that, contrary to Wallace's contention, the ALJ considered the combined effects of Wallace's impairments. The ALJ relied on the testimony of the vocational expert, who considered the combined effects of her back and visual impairments and found her capable of working in clerical jobs with a very limited amount of computer work, including filing, sorting, and general office work. *See Erickson v. Shalala,* 9 F.3d 813, 817 (9th Cir.1993).

*Examining Physicians*

■ The ALJ gave specific and legitimate reasons for rejecting Dr. Olsen's and Dr. Curtis' opinions, and those reasons are supported by substantial evidence. *See Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995).

The record supports the ALJ's decision to reject Dr. Olsen's opinion regarding Wallace's back impairment. Dr. Olsen was not a back specialist and rendered an opinion beyond the scope of his speciality. Ad-

---

1. Dr. Curtis' notes indicate that he thought Wallace was depressed, but his findings were based on his observations of Wallace during the exam. Dr. Curtis is neither a psychologist nor a psychiatrist, and he did not state that she had been depressed before the expiration of her insured status. *See Flaten v. Sec'y of Health and Human Servs.,* 44 F.3d 1453, 1461 n. 4 (9th Cir.1995).

ditionally, Dr. Olsen only examined Wallace once, *see Holohan v. Massanari,* 246 F.3d 1195, 1203 n. 2 (9th Cir.2001), and Dr. Olsen's opinion was rendered after the ALJ issued an initial adverse decision, rendering the opinion less persuasive. *See Flaten v. Sec'y of Health and Human Servs.,* 44 F.3d 1453, 1463 (9th Cir.1995).

■ The record also supports the ALJ's decision to reject Dr. Curtis' opinion regarding Wallace's visual impairment. Dr. Curtis' opinion was beyond his specialty, was contrary to the treating physicians' opinions, and was based primarily on Wallace's own reports of the severity of her condition, which were properly discounted. *See Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989) (holding that physician's opinion may be disregarded if it is based on subjective complaints that have already been discredited). Furthermore, Dr. Curtis only examined Wallace once, and his opinion was rendered after the ALJ issued an initial adverse decision.

*Vocational Expert*

■ The record supports the ALJ's decision to disregard the vocational expert's testimony regarding Wallace's anxiety. The vocational expert's role is to "translate factual scenarios into realistic job market probabilities," *Sample v. Schweiker,* 694 F.2d 639, 643 (9th Cir.1982), not to evaluate medical evidence.

The ALJ's decision to discredit Wallace's testimony and to find her capable of light work is supported by substantial evidence and is free of legal error.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See